Williams, J.,
 

 concurring. The writer concurs for reasons which, in his opinion, compel but one conclusion. Goulder deposited checks on other banks in his commercial account in the bank involved and received credit therefor. In this manner he became a creditor of the depositee bank and that bank stood ready to honor depositor’s checks which might be drawn against the credit to his account (none of such cheeks having been charged back by reason of non-payment or otherwise by correspondent banks). «,
 

 On the other hand the bank received the checks on other banks as mere agent of the depositor in forwarding them for collection but with the clear understanding between the depositor and depositee that when the proceeds of the collections came back to the depositee bank they should belong to the latter. In the instant case the checks deposited did not clear until after the Superintendent of Banks took possession for liquidation and such proceeds belong to the Superintendent of Banks. The proceeds go into the fund for general depositors and other creditors. As the Superintendent of Banks succeeds to the rights of the depositee bank on its contract with Goulder, the proceeds could not be said to be held in trust for Goulder and he is not entitled to a preference. He is merely a general creditor.